The next case on the call of the docket is agenda number 124595, case number three, People, State of Illinois v. Charles D. Hill. Mr. Rosen, please begin. ZACHARY ROSEN May it please the Court, Counsel. My name is Zachary Rosen from the Office of the State Appellate Defender, and I represent Mr. Charles Hill. When the legislature passed the Medical Use of Cannabis Act and then followed it two years later by decriminalizing the possession of small amounts of cannabis, it expanded the protections of the Fourth Amendment right to be free from unreasonable searches. Those were the laws that were in effect when Mr. Hill was stopped on the roadside that day. Those laws were in effect. The officer stopped the car because he believed that the front seat passenger looked just like a fugitive. That stop was reasonable. But moments after walking up to the car, the officer realized that the passenger was not the suspected fugitive. That concern was allayed. And moments after that, the officer said that he smelled the odor of raw cannabis and said that he saw a cannabis bud in the back seat. And so the officer decided to search. Those were the factors that the officer considered, that the officer believed he had probable cause to search the vehicle. And so he did. But during that search, the officer did not collect the bud of cannabis, and Mr. Hill was never charged for violating any criminal cannabis law or any civil cannabis law. In fact, other controlled substance was found that day, and those were the charges that are pending below the trial court. So the question that this case brings is, when does an officer have probable cause? And does the fact that the legislature has passed new laws change the court's determination of when an officer has probable cause? Mr. Rosen? Yes, sir. At the time of the stop, cannabis possession remained illegal, correct? Indeed, it did remain illegal. Just no longer criminal. Yes, it was a civil law violation to possess 10 grams or less of the cannabis. So wouldn't it be correct to say that the officer detected the aroma of contraband, as the state argues, and not the aroma of controlled substance, as you argue? That is not correct, Your Honor. But you are on to the standard correctly. An officer has probable cause when the officer believes that the car contains contraband or evidence of criminal activity. This is a different case if the traffic stop occurred after January 1, 2020. We might be having a different argument here, right? Respectfully, I disagree, Your Honor. It's not a different case because all that changed are the numbers at which point behavior becomes criminal. And so under the legalized statute, it is criminal if you possess more than 30 grams. Under the laws that were in effect when Mr. Hill was stopped, it was criminal if you possessed more than 10 grams. And nonetheless, the officer needed to believe reasonably that there was contraband in the car. Yet the legislature explained that this wasn't contraband, although it didn't do it explicitly. Now, contraband is defined as goods that are unlawful to import, export, produce, or possess. That's the Black's Law definition. It's quite difficult to find a clear definition in case law or common law because it is entirely fact-dependent. And so you'll find scores of cases that say cocaine is contraband, that cannabis is contraband. Those cases were decided when cannabis was entirely illegal, criminally illegal, where there was no room to possess any amount without violating criminal laws. So your position is that decriminalization is synonymous with legalization? No, Your Honor, that's not my position. And again, I think if you look at the statutes of legalization and decriminalization, I don't think they're really all that different. All that disappeared was the civil law violation that Mr. Hill could have been charged with but wasn't. So the legislature, when they passed these laws, I think that there's an illusion in the laws that say cannabis should no longer be considered as always contraband. I cited to the forfeiture section of the statute that was in effect when Mr. Hill was pulled over, and it said that substances containing cannabis which have been produced, manufactured, delivered, or possessed in violation of this act are subject to forfeiture. But I think what that means is that the possessor of cannabis, for example, a person that possessed a medical use cart, that possessed that cannabis, they could get that cannabis back if an officer seized it, which means they have possessory interest in the cannabis. It also means that cannabis isn't always contraband, at least. Because you can't have a possessory privacy interest in something that is contraband. So when the legislature passed these laws, even though they didn't provide a clear framework for the courts and for the officers, even though they didn't explicitly say that cannabis is not contraband, I think that necessarily that logical result follows. The law changes and so the application should change as well. So the officer here said that he smelled the odor of raw cannabis. Raw is important because if he said it was burned or burning or burnt cannabis, well then there's a reasonable suspicion, reasonable belief even, that the driver and the passenger were smoking that cannabis in the car. But the officer specifically says that he smelled raw cannabis. In response to that, the passenger said, oh, well I just smoke cannabis before getting into the car. But the officer didn't seem to pick up on that. The officer never went back to his squad car to grab the canine dogs that were sitting right there in the car to do a sniff. Instead the officer decided to search because he said he smelled the odor of raw cannabis. He said he saw the bud in the backseat, but it wasn't collected. Mr. Hill was never charged with those crimes. And so that search was based on, I think, the officer's belief that cannabis was still contraband. Because there was no reason to believe that Mr. Hill or his passenger had violated any criminal laws unless the officer saw a very large amount of cannabis. As many of the cases I've cited to say, I think, pretty clearly, you can't know how much cannabis is there based on the smell. It might be extremely fragrant, but there might only be a little bit of cannabis. And the opposite might be true. And so unless in the plain view of the officer it's clear, in Mr. Hill's case, that there was more than 10 grams there, the officer had no reasonable belief, not even anything to suggest that Mr. Hill or his passenger possessed a criminal amount of cannabis. And so I think the scrutiny comes down to the word contraband. But contraband, if an officer has probable cause to search because he believes the car contains contraband, then that officer should be allowed to search every time he smells cannabis. And that is indeed the law under People v. Stout. But that case and the other cases that reach that same conclusion, reach that conclusion because the laws that were in effect at the time made the possession of all amounts of cannabis entirely criminally illegal. So if we reverse the appellate court going forward, smelling cannabis can never be the basis for a search? Well, that is the most extreme end of the argument. Unless there's other factors that the officer finds. And I think that's what it comes down to is the totality of the circumstances. People v. Stout says odor alone, that's enough for probable cause. And you'll find plenty of other case law that says that as well. But because the law has changed, I think the probable cause analysis must change also. And so while some cases, some courts like the Massachusetts courts, have said that the odor of cannabis alone does not give, no longer gives an officer that probable cause, other courts have taken a step back. And I think that this court can choose to decide this case anywhere along that spectrum. The court can still rule for Mr. Hill without saying that odor alone never gives probable cause. But at the time of this particular matter, the probable cause was the passenger in the seat that caused the officer to stop. Yes, Your Honor, that's correct for stopping the car in the first place. And then at the time, the officer saw the bud on the back seat. He does testify to that, yes, Your Honor. So now if the, so it would be kind of foolish to think that they require the police officer to know how much was there before it could show probable cause, isn't that right? Difficult, if not impossible, yes, just by looking at it to know how much is there indeed. But in that regard, either the officer can rely on people in Stout with the odor of it or the plain sight of any amount gives them the right to search. Or this court can issue an opinion that talks about the totality of the circumstances here. And so even though the officer may never know how much is on a person or in a person's car by the odor or by seeing it, there are other factors that the officer should consider before the officer makes a determination that he or she has probable cause to search the car. And so there are very common factors that I think all courts in Illinois would agree, such as the evidence of an apparatus to smoke cannabis, a pipe, or roaches, the remains from smoking cannabis, or perhaps a lot of money or plastic baggies or a scale or a gun. These are other factors. If the concern is the amount, why does the pipe, et cetera, how does that factor in? That's not going to tell anyone the amount that's present. Well, because if the officer doesn't know the amount, the officer should look to other factors because smelling or seeing cannabis alone doesn't give the officer probable cause any longer under the light of the statute changes. Right, but the pipe, et cetera, how does that factor in? How would that assist the police officer in knowing the amount and therefore the criminality? Well, because if you agree with me that contraband isn't always clearly contraband anymore, the officer needs to have evidence of a crime. And simply smelling the cannabis and seeing the cannabis doesn't give the officer the reasonable belief that a crime has occurred or is about to occur because the officer's good faith subjective belief that he has that sufficient suspicion to justify the intrusion is insufficient to establish the probable cause. That was the case I cited where the court makes clear that the officer must justify the arrest by what is found after the officer searches. But the Fourth Amendment specifically protects us from those types of searches. So unless the officer articulates those other factors to say, I've got reason to believe that there was more than 30 grams of cannabis, I know this guy, he hangs out with dealers, he hangs out with gangs, he's in an area where drug deals go down, those are other factors that would increase the totality of the circumstances so that an officer could say I have probable cause. But the officer didn't continue to investigate here in this case. He smelled the cannabis. He may not have remembered people he stalled, but I think for years he knew that smelling cannabis gave him the right to search, and so he searched. Even though he had the dogs in the car, he could have pulled the dogs out of the car and taken his nose completely out of the equation here. The dog likely would have alerted, and the dog's alert would have given the officer the right to search, as this Court has explored in the Cavia's cases. Why would the dog's alert that there was marijuana present give probable cause to search if the issue is how much? Indeed, because in this case the dog wouldn't have necessarily alerted because of the cannabis, but would have alerted because of the cannabis. Something else. Yes. Not marijuana alone. Right. If they searched the car and they found a huge amount of marijuana, that's what we're talking about. Yes. The dog would only know the presence of marijuana. The dog wouldn't know the amount, correct? Yes, that's right. I think if that were the case here, my argument would look a lot more like the argument from Colorado in People v. McKnight. The case law there, I first read People v. Zuniga. I said, oh, no, this is against Mr. Hill, because the Court said that the odor of cannabis is still part of that probable cause analysis, the totality of the circumstances. But then years later, the People v. McKnight case came out of Colorado, where an officer had a canine drug dog do a sniff. The dog alerted. The cannabis was recovered. And the courts decided that because cannabis was legal in Colorado, and I know those facts are different from the laws that were effected under Mr. Hill, is that because the dog was legal, the search was in violation of the Constitution because the dog was alerting to something that wasn't contraband, a product that people have the right to possess. And that violates her privacy. The Kibayas cases say that the dog search is not really a search, the sniff, because no one has possessory or privacy interests in contraband. But under the current laws in Illinois and under the laws that Mr. Hill has pulled over, some people necessarily did have the right to produce and possess cannabis. And so it can't always be contraband. And so I think that this court either needs to agree that either cannabis isn't always contraband or say that there's just this disconnect and it should be contraband because it always has been. I would disagree with your holding if it came out that way, but I really see that those are the only two ways that this court can go because there was no reasonable suspicion that anything criminal was going on that day. The officer doesn't articulate that. And I think that the other factors that the officer did articulate before the car was stopped either go to his suspicion about the passenger, which was dispelled moments after walking up to the car, or do not rise to the level that probable cause demands. Because all the officer says is that the car slowed down, the officer took a couple blocks to stop, and then the fact that the passenger looked like a fugitive. And the officer does testify that when cars take a couple blocks to stop, in his experience, sometimes those passengers are trying to hide evidence. But what I think is important is the officer didn't say he saw the passengers doing that. All he says is in his experience, he knows other people have done this before, and he was specifically looking at the passengers. He noticed that the passenger was reclining in his front seat. And so if those passengers were trying to hide something, I think it's reasonable to believe that that passenger would sit up, lean forward to access the glove box, to reach underneath the seat, to access the cup holders of the center console. But the officer does not testify to that. So I think under the facts that the officer has presented, there we don't have enough, we don't have totality of the circumstances to reach a determination that probable cause is met. And so the only way the officer can do it is that word, contravent, which made a lot of sense for decades and decades. Thirty-five years ago, the people's case was decided. And that has been the law of this land for decades. But I think that that precedent was altered. It was changed when the legislature passed the Medical Use Act, when the legislature decriminalized the possession of cannabis, small amounts of cannabis. That's what was in effect when Mr. Hill was pulled over, and then certainly when the legislature legalized cannabis. So, Your Honor, I think that this court can take guidance from the Massachusetts cases that I cited, from the New York cases that I cited, that explain this same logic, that a change in the law means that the Fourth Amendment protections are expanded. I think this court can also turn to the people v. Zuniga or people v. McKnight cases from Colorado for guidance on whether or not the odor of that cannabis means anything. Laws are changed. And I think that this court can even turn all the way back to the prohibitionary cases that I cited in Taylor and Johnson to talk about that odor, whatever the odor is. Back then, it was of alcohol, of whiskey production in one case, and of opium use in another case. But the Johnson court says that the odor must be distinctive to identify a forbidding substance. And I don't think anyone disagrees that the odor of cannabis, raw or burnt, is distinctive. Perhaps the only confusion is with the stunt. But what is not clear under Illinois law is that it was a forbidding substance because people with medical-use cards could have possessed it entirely without violating the law. How do you think we should define contraband under current Illinois law? If it were up to me, I would remove contraband entirely from the discussion of when an officer has probable cause. Either there's a crime or there isn't a crime. But at the outset of your argument, didn't you say that this hinges on whether it's contraband or not? It hinges on whether or not the court would like to apply the old definition, the old case law that has considered that cannabis is contraband. I argue because of the change in the laws, that has changed. I argue that it's clearly not a forbidden substance when Mr. Hill was pulled over, as did all people. And so because there was a chance that that officer was stopping someone and then choosing to search, and that person may have completely illegally possessed that cannabis, that Mr. Hill's Fourth Amendment rights to be free from unreasonable searches and seizures was violated on that day. It could be contraband if the amount was large. Yes, Your Honor. Under the statute, I think it was clear that cannabis that was more than 10 grams, 10.1 grams, that became a criminal offense that was punishable by jail time. But unless the officer can articulate a reasonable belief and point to facts that the officer considered, I don't think the officer has the right to search just based on odor alone. He needs to point to other factors. The officer had the opportunity to continue investigating at the roadside there or after letting the car go. The officer had dogs and canines in the back of his patrol car. And any of those factors would have increased the totality of the circumstances in this case. The officer simply stopped investigating. Sure. And he decided to search. And that violated Mr. Hill's constitutional rights. And so for those reasons, I ask you to affirm the trial court's decision to suppress the evidence, albeit on other grounds. And I will yield the rest of my time to questions. Thank you, Mr. Fisher. Thank you, Your Honor. Mr. Fisher. Good morning, Your Honor. Counselor, may it please the Court, Assistant Attorney General, Marcia Fisher of the People. Your Honor, this case calls for the straightforward application of this distinctive odor of contraband can provide probable cause to justify a search where the automobile exception applies. Contrary to defendant's intentions, none of the changes in the law that happened prior to the search of the defendant's vehicle would change that analysis. As the defendant concedes, decriminalization is not equivalent to legalization. Possession of even small amounts of marijuana in 2017 was unlawful. Black's Law Dictionary finds contraband as anything that you are not that is unlawful to possess. Even in 2018, after decriminalization of marijuana, the General Assembly made clear that possession of any marijuana without authorization by law, so not exempting small amounts subject to civil fines, was contraband. In his brief, the defendant points out that that subsection, 12H, wasn't in place in 2017. But what happened in 2018 is not that the legislature for the first time suddenly declared marijuana contraband, but it was necessary because of the all contraband, including marijuana, was subject to direct seizure. As the Maryland court, for example, put it, after decriminalization in that state, if the state concedes it, then the police can search for it. Because decriminalization doesn't mean legalization, at the time of the search of the defendant's vehicle, marijuana was contraband. And based on this court's longstanding precedent, the distinctive odor of marijuana provided probable cause for the officer to search the defendant's vehicle. Nor does passage of medical marijuana law alter the calculus here. This court has said, for example, in Oloyndi Gates, that you don't need to know for certain that the defendant in the indication of lawful activity, or here, that the marijuana is unlawfully possessed. It's a probable cause, it's a probability of a likelihood determination. And the fact that a very small number of people under very specific circumstances in 2017 could obtain a license to possess marijuana doesn't change the fact that the odor of marijuana provided a very high probability to believe that it was contraband and illegal. That is worth noting, that the officer said, at the time, I smell marijuana, I see marijuana in the back seat. And either of the two passengers in the car could have, at that point, produced a medical marijuana license. And that additional circumstance might have changed the totality of the circumstances and affected the probable cause at that point. But that's not what happened. At that point, neither the defendant or the driver, pardon me, nor the passenger presented a medical marijuana license. And the officer, at probable cause, believed that there was unlawfully possessed marijuana in the vehicle because any amount of marijuana was unlawful at that time. Can I ask a question about that? Whose burden is this, maybe, is what I'm thinking about? Police stop the car, smell marijuana. Is it the burden of the passengers of the car to justify that they have, in fact, possessed it legally because they have a medical marijuana card? Under the circumstances in 2017, the odor of marijuana, given the very small number of people, very limited circumstances, where some people could have lawfully possessed marijuana, once an officer smelled marijuana in 2017, then just as in stout, that would establish a probable cause to believe that there was unlawful marijuana. The fact that there might be something that could happen at that point that would further change the calculation doesn't mean that the state hasn't gotten to the level of probable cause once the officer smells the marijuana. And the states that have considered that question after passing medical marijuana regimes have come to that conclusion, as have almost every state that's considered the question of whether decriminalization altered the analysis of probable cause based on the odor of marijuana. Almost all of these states, Massachusetts is a bit of an outlier here, but almost all of these states have come to the conclusion that either decriminalization or a very limited medical marijuana regime changes the analysis when an officer smelled marijuana at a vehicle. So you're discounting the amount of marijuana completely, right? It's more your argument that the difference is that when decriminalized possession of cannabis in small amounts, it remained illegal, just subject to civil penalties versus criminal? Yes, Your Honor. As of 2017, absent a very limited number of people with medical marijuana licenses, all marijuana was confiscated. And certainly even less than 10 grams, right? You're saying less than 10 grams is still civil penalties, right? And still subject to seizure by the state, and thus still subject to search by police based on probable cause. Right. And there may be cases as well where even if there could be amounts greater than – I understand your argument with respect to the decriminalization, but even greater than 10 grams might not be in plain sight, so you might see less than 10 grams. Well, of course, Your Honor. I think the scent alone was still sufficient for someone to scout in 2017, but it is worth noting, Your Honor, that there is additional information that would inform the totality of the circumstances established in probable cause in this case. The officer did testify that he followed a defendant's vehicle for several blocks with his lights on before the defendant pulled over, and that increased experience as an officer that often meant that passengers were trying to hide contraband. So that, together with the scent of marijuana, is an additional – wasn't necessary to establish probable cause in 2017, but is an additional factor if scent alone wasn't enough for him to believe that in this case he wasn't just smelling a small amount of marijuana, but he was smelling a small amount of marijuana, and the passengers may well have been trying to hide additional marijuana as they drove. Did you hear Mr. Rosen – is that right? Mr. Rosen's answer to the question when I said it appears that we have a different situation. I don't know if the result will be any different or not. It's not what we're arguing here today. But when there was – after January 1 of 2020, it's no longer subject to any kind of criminal or civil. And he said that that doesn't change the calculus. Did you remember his answer to that question? I do. How would you respond to that? I think it changes the calculus substantially. I think the question of how much and the way in which marijuana is possessed now becomes part of the determination of whether there's probable cause to search the vehicle. It's not the case that is in front of this court, so I don't want to delve too deeply into that question. But decriminalization and legalization are two very different questions. A few minutes ago I think you alluded to Illinois versus Gates, and in your brief you talk about probable cause requires only a probability or substantial chance of unlawful activity. When Gates actually says criminal activity, is criminal activity or criminal activity and unlawful activity synonymous? Is that the same thing? I don't think it is. I want to give you a yes or no answer. I'm a little bit hesitant because I haven't thought it through all the way because I don't think it matters in this case because we are talking about a search for a contraband. I guess, you know, criminal, something subject to a civil fine might be unlawful but not subject to criminal penalty. Perhaps it's not criminal, but we do know that possession of any amount of marijuana, absolute amount of marijuana was unlawful, was not authorized by law back in 2017, that all marijuana was contraband back in 2017, and that officers may search for contraband based on probable cause. And I don't think that the description of what constitutes probable cause in the long case, not requiring an absolute, but requiring a probability likelihood is affected by whether we're talking about seizing contraband, marijuana, or an ongoing illegal activity or criminal activity. So I don't think, to the extent there is a distinction between the two terms, I don't think it is substantive in terms of undermining our reliance on the point that you don't need absolute positivity to establish probable cause. So is it your position then that if there's an odor of cannabis, that's enough for probable cause no matter what the amount is? In 2017, yes, Your Honor. I'm standing here today in January 1st, 2020, but in January 2020, it's a different question. That's not the case. And do we need to be careful in how this opinion is crafted, not to prejudge what might happen after January 1? I think, Your Honor, that the court should analyze, be clear to analyze probable cause determination in this case based on the evidence that hasn't existed at that time, which is why, for example, Your Honor, that there's reliance on Colorado cases after legalization. That's a different regime. The analysis is different at that point. And if I suspect when that question comes before this court, then that would be the analysis the court has to give at that point. And then it can look to Colorado and other states where they've already grappled with probable cause and post-legalization. But that's not where we are in this case. And finally, Your Honor, as the defendant concedes, at the time the officer was conducting his search here, whether he was specifically aware of this court's longstanding precedent or just the fact that officers have been trained and known for years that they can search based on the scent of marijuana, he certainly was relying in good faith on that law at that time. So even if the court were to disagree with the state's analysis here, I don't think that the exclusionary rule would apply in this case based on the officer's good faith, reliance on the longstanding precedent that that order alone does provide a probable cause search vehicle. So unless the court has any further questions, people ask that this court affirm the opinion of the appeal court.  Mr. Rosen? Your Honors, Mr. Fisher argues that the difference between decriminalization and legalization, that they're not equivalent, that they're entirely different. But I think that they are, that the differences are without distinction. Because the same question that the officer was pondering alongside Mr. Hill's car, every officer will ponder under legalization. And the question is, do I have more or less than the amount that's important? When Mr. Hill was arrested, it was 10 grams, now it is 30 grams. And I completely agree that this court need not make any determination on how officers act under the legalized state in Illinois right now. But again, it's a distinction without a difference. The question will remain, if an officer smells cannabis, does that give the officer a probable cause to search the car? And I think that if an officer does that under either legal or criminal, they are still searching so that they can weigh the cannabis to justify the search act. And the Fourth Amendment protects against that. The Fourth Amendment prohibits it. And I think that's when the legislature passes laws, they necessarily expanded those protections. And they can do that, whether they do it or not, whether they wanted to or not. When they pass those laws, they can expand the protections of the Fourth Amendment. I think logic demands that that's what happened. The state also argues about whether or not cannabis is contraband and points to the forfeiture sections of the statute. I ask you to look under both the old and the new sections that we both discussed and cited. And I think under both of those statutes, the legislature expressed their intent that in some instances, cannabis was not contraband. In some instances, it was subject to forfeiture. People could get that property back. And I think that means that the definition of an officer has probable cause if there's contraband or evidence of a crime, that the contraband part just doesn't logically follow anymore. Sometimes contraband and sometimes not contraband, and the officer is searching because he thinks it might be contraband as long as it's more than this number, then the officer doesn't actually have justification for that search until after the fact when he collects the drugs and weighs them. What about the good faith exception? Yes, I do not think that the good faith exception applies in this case. And I think that's because the decisions in People v. Lafleur and People v. Burns talk about precedent and talk about it being important that the binding precedent specifically authorizes the precise conduct under consideration. And I think that because the laws have changed too drastically, People v. Stout has decided that it's not specifically authorized binding precedent, that what the People v. Stout case says that an officer can do, that that conduct is too different under the laws that were in effect when Mr. Hill was arrested and when his car was searched. So I don't think that the good faith exception applies for that reason. I don't think that there's an argument that the officers didn't know about the medical use laws or the decriminalized use laws. They were highly publicized, radio, television, newspapers, all over the place. And I think that when looking at the totality of the circumstances, we can doubt that the officer was acting in good faith in the first place. And that's, I think, because the officer says he smells a strong odor of raw cannabis, says he saw a bud, but it wasn't collected, that bud wasn't collected, only residue was collected, and Mr. Hill was never charged. And so we really need to scrutinize what factors the officer said were present that led him to his determination that there was probable cause to search. And I think the most objective piece of evidence is that dash camera video recording. That is what this court should review to determine specifically what happened, because it shows it exactly without interpretation of what the officer was thinking on that day. The state argues that if the state can seize it, then the police can search for it. And I think that simply does make a lot of sense. But then the question follows that if a defendant can reclaim it under forfeiture, what does that mean? Is it still contraband? And I think that that's important to consider because the statutes that were in effect when Mr. Hill, the forfeiture statutes that were in effect when Mr. Hill was arrested, the ones that are in effect now, I think can be interpreted to mean that you can have possessory interest rights in cannabis, which makes it not contraband. Those statutes specifically say that in certain instances cannabis is not contraband. The state also says, well, you know, no one presented a medical card. Obviously, there's no precedent yet. Mr. Rosen, the fact that it's still subject to civil penalty is of no consequence with respect to your argument? I don't think so, because I think that the Fourth Amendment protections reign supreme over the fact that the state decided to make this a civil law violation. And so the fact that a small minority of the population could possess cannabis, the medical users, means that the search based on the odor of that cannabis alone is not warranted any longer, because if that were the case, that would really – Is the fact that it's a civil penalty, it takes it out of contraband? Is that the nature of contraband? Well, I think that the civil penalty says that it's still contraband, but just because it's contraband for the civil user, I think that's where I challenge the probable cause standard that an officer considers because it's contraband. Because that standard doesn't make sense anymore when there is room for some sort of legal possession in the state of Illinois. Because if that logic did follow, that means that all medical patients lost their Fourth Amendment rights at all times, because medical users use their cannabis, many of them daily, many of them a lot of it, they're going to smell like cannabis, like rot and like burnt, and so they can always be searched. The Fourth Amendment would never protect them if that's the interpretation of this court that it's based on contraband. So the state argues that no one presented their medical card, and I do not argue that either of those individuals had a medical card that day. But the passenger did say that he smoked cannabis before getting into the car, and so that again goes back to the totality of the circumstances and the officer's good faith. He's being told that the scent is actually burning cannabis, but the officer specifically says raw. The officer doesn't collect that raw blood that he said he saw. So I don't know if the record is clear whether or not it was there at all, and I don't think the trial court makes that determination clearly on the officer's credibility. To be clear, I don't think this court needs to make a determination on the officer's credibility either. If this court doesn't find that the officer had reasonable suspicion to believe there was criminal activity or agrees with my argument that cannabis isn't always contraband, that doesn't get him to search. We need to look at the totality of the circumstances, what were the facts alleged by the officer, what's shown in the video, and what actually came about in charging. So Mr. Hill was never charged. I think there's reason to question whether or not the officer's plain sight view of that cannabis and smelling the odor of raw cannabis would actually support the probable cause determination that the officer made that day. And so in conclusion, Your Honor, I will rely on that language in Illinois v. Gates that talks about criminal activity being important. Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. So I do not argue that the officer needed to know, based on his smell or based on his sight, how much cannabis was there, but he did need to articulate a reasonable number of facts that logically made sense that gave the officer the probable cause to start the day. And I think looking at the facts in this case, that simply wasn't the case. If the officer was warranted in searching, he did it only on his assumption that cannabis was always still contraband and that he can search for it simply because it was contraband, because the officer didn't articulate any reasonable fact to believe that there was more than 10 grams of cannabis there that day, which would have made the activity criminal. So, Your Honors, I ask that you affirm the trial court's suppression of the evidence, albeit on other grounds, in light of the fact that the legislature expanded the protections of the Fourth Amendment and passed those cannabis laws that were in effect when Mr. Hill was arrested. If there are no questions. Thank you, Mr. Rosen. Thank you, Your Honor. Case number 124595, General C.A. Illinois v. Charles D. Hill, is taken under advisement as Agenda Number 3. Thank you, Mr. Fisher and Mr. Rosen, for your arguments this morning.